**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30186 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00444-BR-2 |
| v. | |
| JACK HOLDEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted June 8, 2018
Portland, Oregon

Before: GRABER and M. SMITH, Circuit Judges, and KORMAN,** District
Judge.

Defendant Jack Holden was convicted of mail and wire fraud, conspiracy to

commit mail and wire fraud, money laundering, and conspiracy to commit money

laundering. He appeals his convictions, his 87-month prison sentence, the district

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Edward R. Korman, United States District Judge for the
Eastern District of New York, sitting by designation.

court's order requiring more than $1.4 million in restitution, and the district court's order requiring more than $1.4 million in forfeiture. In this disposition, we reject several of Defendant's arguments.[1]

1. Reviewing de novo, United States v. You, 382 F.3d 958, 965 (9th Cir. 2004), we conclude that the mail and wire fraud instructions adequately conveyed to the jury that it had to find that Defendant acted with a sufficiently culpable mental state in order to convict him of mail and wire fraud. We also conclude that the district court did not abuse its discretion by formulating the jury instructions in the manner that it did—the instructions were "[]adequate to guide the jury's deliberations." United States v. Tagalicud, 84 F.3d 1180, 1183 (9th Cir. 1996) (internal quotation marks omitted).

2. The district court did not abuse its discretion by excluding the "Gold Star Soap Opera" from evidence under Rule 403. See United States v. Jayavarman, 871 F.3d 1050, 1063 (9th Cir. 2017) (stating the standard of review). Given the confusing nature of the Soap Opera and the layers of hearsay contained therein, it was within the court's discretion to conclude that the probative value of the Soap Opera was far outweighed by its potential to "confus[e] the issues, mislead[] the

---

[1] In a concurrently filed opinion, we reject Defendant's remaining challenge to his convictions, but we vacate both his custodial sentence and the restitution order and remand for further proceedings.

jury, [or] wast[e] time." Fed. R. Evid. 403. We are satisfied that the district court conducted a sufficient review of the contents of the Soap Opera before conducting its Rule 403 analysis. See Jayavarman, 871 F.3d at 1063–64 (discussing the requirement that a district court thoroughly review a piece of evidence before conducting a Rule 403 analysis).

3. Even assuming that the district court erred by excluding the Gold Star promotional video and by allowing the jury to take the Government's demonstrative exhibit into the jury room, those errors, considered separately or together, were harmless. United States v. Pineda-Doval, 614 F.3d 1019, 1032 (9th Cir. 2010) ("A conviction may be reversed on the basis of an incorrect evidentiary ruling only if the error more likely than not affected the verdict." (internal quotation marks omitted)). The promotional video had very limited relevance, and the district court's limiting instruction mitigated any prejudice that resulted from allowing the jury to have the demonstrative exhibit during its deliberations.[2]

4. The district court did not violate 18 U.S.C. § 981 by ordering forfeiture in the form of a personal money judgment. United States v. Newman, 659 F.3d 1235,

---

[2] Insofar as Defendant's evidentiary challenges are framed in constitutional terms, we reject those challenges. See United States v. Waters, 627 F.3d 345, 353–54 (9th Cir. 2010) (rejecting a defendant's effort to "constitutionalize" her evidentiary claim when she "was able to present the substance of her" defense).

1242–43 (9th Cir. 2011). We are not persuaded that our decision in Newman is "clearly irreconcilable" with any recent Supreme Court decisions, Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), so we are bound by its conclusion that, "at least where the proceeds of the criminal activity are money, the government may seek a money judgment as a form of criminal forfeiture" under 18 U.S.C. § 981. Newman, 659 F.3d at 1242. We also conclude that the district court's forfeiture order did not violate either the Sixth Amendment right to a trial by jury or the Double Jeopardy Clause. See United States v. Lo, 839 F.3d 777, 794–95 (9th Cir. 2016) (rejecting a Sixth Amendment challenge to a money judgment forfeiture order), cert. denied, 138 S. Ct. 354 (2017); Newman, 659 F.3d at 1241 (explaining that a defendant may be ordered to pay both forfeiture and restitution because restitution is not a form of punishment).

Defendant's convictions and the forfeiture order **AFFIRMED**; Defendant's custodial sentence and the restitution order **VACATED**; case **REMANDED** for further proceedings.